```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
|   | : |
| v. | : Criminal No. DKC 18-66-2 |
|   |   Civil Action No. DKC 20-77 |
|   | : |
| TIMOTHY MICHAEL MCLAIN | : |
|   | : |

**MEMORANDUM OPINION**

Presently pending is the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Petitioner Timothy Michael Mclain. (ECF No. 131). For the following reasons, his motion will be denied.

**I. Background**

Timothy Michael Mclain pled guilty on August 7, 2018, to armed bank robbery in violation of 18 U.S.C. §§ 2113(a), (d), and (f) (count 2 of the superseding indictment) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (count 3 of the superseding indictment). The facts are set forth in Mr. Mclain's plea agreement (ECF No. 64):

> On January 9, 2018, at approximately 10:48 a.m., McLain and others robbed the BB&T Bank . . . in Maryland. According to bank surveillance video and witness testimony, Mclain was wearing a black hooded sweatshirt with a white drawstring, a black jacket with shiny materials on the arms, a black hat, a black mask, dark pants, red shoes with a white Nike logo, and black gloves and holding a black duffle bag in his hands. . . .[T]he other

> individual . . . was wearing a black hooded sweatshirt . . . and holding a firearm in his right hand. . . . [A]s the two men walked into the bank lobby, one bank robber immediately raised his right hand and began pointing the firearm at people inside the bank. Both men yelled and demanded "hundreds and fifties" from the tellers. Mclain held a duffle bag for the cash, while the other bank robber approached several bank employees and pointed the firearm at them and also at a bank customer while yelling at him to get down. The customer held his hands up and complied by getting down on the floor."

(ECF No. 64-1).

Mr. Mclain was sentenced on November 26, 2018, to 84 months plus one day imprisonment. (ECF No. 107). He did not appeal.

On November 26, 2019,[1] the Clerk received from Mr. Mclain a paper titled "motion to reduce motion pursuant 18 U.S.C. 924(c) is unconstitutionally vague." (ECF No. 118). The Clerk received a duplicate filing from Mr. Mclain on December 2 and docketed the paper again at ECF No. 119. The same date, Mr. Mclain also filed a motion to appoint counsel. (ECF No. 120). The court gave Mr. Mclain notice on December 11 that it intended to construe his motion to reduce as a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and provided him an opportunity to object. (ECF No.

---

[1] The motion is dated November 21, 2019. The postmark on the accompanying envelope November 23, 2019.

122).  The Clerk received a letter from Mr. Mclain on December 23 requesting that the court so construe his motion.  (ECF No. 124). On January 10, 2020, the court issued an Order denying the appointment of counsel, construing Mr. Mclain's motion as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, directing the government to respond, and providing Mr. Mclain an opportunity to file a reply.  (ECF No. 130).  The same date, the Clerk re-docketed Mr. Mclain's motion as a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and opened Civil Action No. DKC 20-0077.  (ECF No. 131).  The government filed a response on March 10, 2020.  (ECF No. 137).  Mr. Mclain has not filed a reply.

I.   Standard of Review

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  A *pro se* movant is entitled to have his arguments reviewed with appropriate consideration.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978).  But if the 28 U.S.C. § 2255 motion, along with the files and records of the case, conclusively show that he is not

3

entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

## II. Analysis

Mr. Mclain seeks vacatur of his conviction under 18 U.S.C. § 924(c), use of a firearm during and in relation to a crime of violence. He asserts that his bank robbery offense does not fit within the elements prong of § 924(c): "In light of *United States v. Davis*, 139 S.Ct. 2319 (2019), the Court held that the residual clause's definition of crime of violence in 924(c)(3)(B) is unconstitutionally vague. Therefore, the Court held that the 924(c) convictions could only be upheld if the underlying offenses required violence against a person or property as an element of the offense." He argues that his bank robbery offense does not qualify because violence was not used.

Mr. Mclain's argument has no merit because, even before the *Davis* decision invalidating the residual clause, the Fourth Circuit had found that both bank robbery and armed bank robbery are "crimes of violence" under the elements clause of § 924(c)(3)(A). *See United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016). Many courts continue to rely on *McNeal* to reject

similar arguments, *see, e.g., Green v. United States*, No. CR RDB-15-00526, 2019 WL 4879209, at *4 (D.Md. October 3, 2019).

### III. Conclusion

Inasmuch as Mr. Mclain was convicted of the use of a firearm during and in relation to armed bank robbery as the underlying crime of violence, there is no defect in his conviction, the motion to vacate fails, and will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue

5

unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).  Upon review of the record, the court finds that Petitioner does not satisfy the above standard.  Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.  A separate order will follow.


September 28, 2023                          /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge